IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| L.A.S.,[1] | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | 5:24-CV-197-H-BR |
| | § | |
| Commissioner, Social Security Administration, | § | |
| | § | |
|    Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO AFFIRM THE DECISION OF THE COMMISSIONER

Pursuant to 42 U.S.C. § 405(g), Plaintiff seeks judicial review of a decision by the Commissioner of Social Security ("Commissioner"), who denied Plaintiff's applications for Title II[2] disability insurance benefits and for Title XVI[3] supplemental security income benefits under the Social Security Act ("the Act"). (ECF 1).

Pursuant to the Northern District of Texas Special Order No. 30-350 (Sep. 11, 2023), this case was originally assigned to the undersigned United States Magistrate Judge to serve as presiding judge. (*See* ECF 5). Following notice to the Clerk of Court that one or more parties did not consent under 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73(a), this case was then reassigned to the presiding United States District Judge and automatically referred for the

---

[1] It is the undersigned's practice to identify the plaintiff using only the first and last initial in filings in social security disability cases. This ensures that the public maintains access to the opinions (in compliance with Rule 5.2(c)(2)(B) of the Federal Rules of Civil Procedure and the E-Government Act of 2002) while still protecting the privacy of non-government parties' identities within the opinion.

[2] 42 U.S.C. §§ 401–33.

[3] 42 U.S.C. §§ 1381–83f.

undersigned to issue findings, conclusions, and recommendations (this "Recommendation") to the presiding District Judge. After considering the filings and applicable law, the undersigned recommends that the Court AFFIRM the Commissioner's decision.

## I.  PROCEDURAL BACKGROUND

Plaintiff filed the disputed applications in June of 2021 alleging disability beginning April 15, 2021. (ECF 9-1 at 232–44; *see* ECF 13 at 4). Plaintiff's claims were denied initially, again upon reconsideration, and then again after a hearing before an Administrative Law Judge ("ALJ"). (ECF 9-1 at 122–228, *see* ECF 13 at 5). The Social Security Administration Appeals Council declined to review the ALJ's decision, making it the final decision of the Commissioner. (ECF 9-1 at 5–7; *see* ECF 13 at 6); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3) (establishing the subject matter jurisdiction of United States District Courts to review final decisions of the Commissioner) and *Kneeland v. Berryhill*, 850 F.3d 749, 755 (5th Cir. 2017) (confirming that the Appeals Council declining to review an ALJ decision establishes that ALJ decision as final).

## II.  STANDARD OF REVIEW

A person may qualify for supplemental security income ("SSI") or disability insurance benefits ("DIB") under the Act if they are disabled. 42 U.S.C. §§ 423(a)(1) (DIB) *and id.* at 1381a (SSI). A person is disabled according to the terms of the Act[4] if they are unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1)(A), 423(d)(1)(A) (DIB) *and*

---

[4] The Act is, for purposes of this Recommendation, entirely consistent across Title II provisions for DIB and Title XVI's provisions for SSI. *See, e.g.*, *Barnhart v. Thomas*, 540 U.S. 20, 23–24 (2003) (noting the identical definitions of "disability" in the two statutory programs). For completeness, this Recommendation will refer to the Act in general terms, but will cite to the distinct provisions applicable to DIB under Title II and SSI under Title XVI.

*id.* at § 1382c(a)(3)(A) (SSI). "'Substantial gainful activity' is defined as a work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002); *accord* 20 C.F.R. §§ 404.1572(a)–(b) (DIB) *and* 416.972(a)–(b) (SSI).[5]

ALJs use a standardized framework to determine whether an applicant is disabled under the Act:

> In evaluating a disability claim, the [ALJ] conducts a five step sequential analysis to determine whether (1) the [plaintiff] is presently working; (2) the [plaintiff] has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the [plaintiff] from doing past relevant work; and (5) the impairment prevents the [plaintiff] from doing any other substantial gainful activity.

*Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007). Before proceeding to steps four and five, the Commissioner must assess a claimant's residual functional capacity ("RFC"). *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). RFC is defined as "the most [a claimant] can still do despite [the claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1) (DIB) *and* 416.945(a)(1) (SSI).

The plaintiff bears the burden of proof in establishing a disability through the first four steps of the analysis; at the fifth step, the burden shifts to the ALJ and the Social Security Administration to show that there is other substantial work in the national economy that the plaintiff is capable of performing. *Audler*, 501 F.3d at 448; *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014). A finding that the plaintiff is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Copeland*, 771 F. 3d at 923 (citing *Leggett v.*

---

[5] The Social Security Administration has the authority to promulgate regulations implementing the Act under 42 U.S.C. § 405(a) (DIB) and 42 U.S.C. § 1383b (SSI). In addition to traditional notice-and-comment regulations issued according to the Administrative Procedure Act, 5 U.S.C. § 553(b)–(c), the Social Security Administration also publishes precedential rulings and statements of policy or interpretation known as Social Security Rulings (each an "SSR"). 20 C.F.R. § 402.160(b)(1) (effective January 17, 2025; previously codified at 20 C.F.R. § 402.35).

*Chater*, 67 F.3d 558, 564 (5th Cir. 1995)); *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987) (citing *Barajas v. Heckler*, 738 F.2d 641, 643 (5th Cir. 1984) (per curiam)).

When reviewing disability determinations made by the Commissioner, a court is "limited to two inquiries: whether substantial evidence supports the ALJ's decision, and whether the ALJ applied the proper legal standards when evaluating the evidence." *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012). These limitations are imposed by statute:

> The findings of the Commissioner [ ] as to any fact, if supported by substantial evidence, shall be conclusive . . . and where a claim has been denied by the Commissioner . . ., the Court shall review only the question of conformity with [Social Security Administration] regulations and the validity of such regulations.

42 U.S.C. § 405(g). If the ALJ fails to apply the proper legal standard, a denial must be remanded and reconsidered. *Moore v. Sullivan*, 895 F.2d 1065, 1070 (5th Cir. 1990). If the ALJ applies the proper standards, however, and relies on any substantial evidence, the decision must be upheld. *Id*.

"Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion and constitutes more than a mere scintilla but less than a preponderance of evidence." *Hardman v. Colvin*, 820 F.3d 142, 147 (5th Cir. 2016) (cleaned up). "It must do more than create a suspicion of the existence of the fact to be established[.]" *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983). The reviewing court may not reweigh evidence or substitute its own judgment for that of the Commissioner, even if the court determines the evidence preponderates toward a different finding. *Hardman*, 820 F.3d at 151. Conflicts in the evidence are resolved by the Commissioner, not the courts. *Laffoon v. Califano*, 558 F.2d 253, 254 (5th Cir. 1977).

Even a decision unsupported by substantial evidence will not always be vacated or reversed. An error is harmless and will not result in remand "when it is inconceivable that a different administrative conclusion would have been reached even if the ALJ did not err." *Keel v.*

*Saul*, 986 F.3d 551, 556 (5th Cir. 2021).[6] In short, a decision denying Social Security disability benefits is entitled to great deference and will only be overruled if the correct legal standards were not applied, or if the decision turned on a conclusion for which there was no substantial evidence.

### III.    THE ALJ'S FINDINGS

At step two[7] in the five-step process, the ALJ found that Plaintiff had "the following severe impairments: diabetes mellitus with neuropathy; obesity; scoliosis and degenerative changes to the lumbar spine; fibromyalgia; osteoarthritis of the left shoulder; [and] major depressive disorder[.]" (ECF 9-1 at 38–39).

After finding that Plaintiff's impairments did not meet a listing, the ALJ proceeded to assess Plaintiff's RFC as follows:

> [T]he claimant has the residual functional capacity to perform light work as defined in [the regulations] except can never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl. Can frequently reach, handle, and finger in the bilateral upper extremities. Mentally, can understand, remember and carry out detailed but not complex instructions and tasks.

(*Id.* at 41). Finally, with the input of a vocational expert, the ALJ found that a person with these limitations and Plaintiff's age, education, and work experience could perform certain jobs in the national economy, including "office helper," "marker," and "mail sorter." (*Id.* at 46–47). Because Plaintiff's impairments do not prevent her from being able to perform substantial gainful activity, the ALJ found her not disabled. (*Id.* at 47).

---

[6] Failure to apply the correct legal standard can also be a harmless error; *Keel* itself upheld the harmless application of an erroneous step-two "severity" standard. *Keel*, 986 F.3d at 555–56. However, because an "ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision[,]" a failure to apply the correct legal standard can only be sustained as a harmless error if sufficient reasoning is articulated in his decision to support it under the legal standard that he failed to apply. *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000).

[7] The ALJ first found that Plaintiff had insured status under the Act through March 31, 2025 and had not engaged in substantial gainful activity since the alleged disability onset date. (ECF 9-1 at 38). Those findings are not at issue before this Court.

## IV.  PLAINTIFF'S ARGUMENTS

Plaintiff contends that the ALJ erred in two ways when determining her RFC. (ECF 13 at 4).[8] First, the ALJ made a finding that "claimant's statements concerning the intensity, persistence, and limiting effects of [her] symptoms are not entirely consistent with the medical evidence or other evidence in the record[.]" (ECF 9-1 at 42). Plaintiff contends that this finding was unsupported by substantial evidence. (ECF 13 at 3–13; ECF 19 at 1–4).

Second, the ALJ found that the opinion of Dr. Cecilia Lonnecker, who had performed a psychological evaluation of Plaintiff, was only "partially persuasive to the extent it identified some limitations which were supported by her mental status exam findings and" the Plaintiff's daily activities, but was "too vague" to be persuasive beyond that. (ECF 9-1 at 45). Plaintiff argues both that this finding unsupported by substantial evidence and that it failed to apply the proper legal standard. (ECF 13 at 13–17; ECF 19 at 4–6). The Commissioner directly contests both arguments on their merits. (ECF 18 at 4–15).

### A.  Plaintiff's Symptoms

The Social Security Administration has established a two-step test for evaluating a claimant's own descriptions or statements of their impairments.[9] SSR 16-3p, 2017 WL 5180304, *3; *accord* 20 C.F.R. §§ 404.1529 (DIB) *and* 416.929 (SSI); *see also Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003) (per curiam) ("The ALJ must consider subjective

---

[8] Plaintiff's brief (ECF 13) contains internal page numbers that begin after a three-page table of contents numbered with lower-case roman numerals; citations in this Recommendation are not to these internal page numbers, but are rather to the page numbers generated by the Court's electronic case filing ("ECF") system, which can be found at the top of the page when a filing is accessed through ECF or PACER. The same is true for citations to the administrative record—e.g., pages in the portion of the record containing the ALJ's decision are each numbered with three different page numbering systems, but citations in this Recommendation are to the page numbers assigned by ECF.

[9] *See* 20 C.F.R. §§ 404.1502(i) (for DIB, defining "symptoms" as "your own description of your physical or mental impairment."), 416.902(n) (giving the same definition for SSI).

evidence of pain, but it is within his discretion to determine the pain's disabling nature.") (quoting *Wren v. Sullivan*, 925 F.2d 123, 128 (5th Cir. 1991)).

At issue in this case is the second step.[10] This step is for the ALJ to evaluate the intensity and persistence of a claimant's symptoms, and it requires the ALJ to evaluate "whether an individual's statements about the intensity, persistence, and limiting effects of his or her symptoms are consistent with the medical signs and laboratory findings of record." SSR 16-3p, 2017 WL 5180304, at *5. If the claimant's statements about their impairments are inconsistent with the objective medical and other evidence, the ALJ will find the claimant's symptoms less likely to be disabling. *Id.* at *8; *accord* 20 C.F.R. §§ 404.1529(c)(4) (DIB), 416.929(c)(4) (SSI).

In this case, the ALJ found that Plaintiff's "statements concerning the intensity, persistence, and limiting effects of [her] symptoms [were] not entirely consistent with the medical evidence and other evidence in the record[.]" (ECF 9-1 at 42, 43). Plaintiff advances multiple arguments disputing that this finding was supported by substantial evidence. (ECF 13 at 6–13). Plaintiff further contends that the error was harmful because her symptoms should have supported findings of more severe standing, walking, lifting, carrying, and postural restrictions, which would have resulted in a finding of disability. (*Id.* at 12–13).

First, Plaintiff objects that the ALJ improperly characterized objective medical evidence as "unremarkable." (ECF 13 at 8). Specifically, the ALJ found that:

> As for the claimant's statements about the intensity, persistence, and limiting effects of her symptoms, they are not fully consistent with the generally unremarkable physical exam findings. There is no evidence of persistent gait

---

[10] The first step requires the ALJ to determine whether the claimant's medically determinable impairments could reasonably be expected to produce the claimant's symptoms. SSR 16-3p, 2017 WL 5180304, at *3. In this case, the ALJ found that they could. (ECF 9-1 at 42).

>abnormalities or frequent complaints of lightheadedness, dizziness, weakness, and blurry vision with ambulation.

(ECF 9-1 at 43). In support of her objection to this finding, Plaintiff cites to multiple imaging examinations by x-ray, MRI, and CT scan. (ECF 13 at 8–9). In response, the Commissioner notes that the ALJ referred to "physical exam findings" and "did not say that Plaintiff's symptoms were inconsistent with the 'unremarkable' imaging findings." (ECF 18 at 6). More generally, the Commissioner notes that reviewing courts do "not re-weigh the evidence nor, in the event of evidentiary conflict or uncertainty, substitute [their] judgment for the Commissioner's[.]" (ECF 18 at 9) (citing *Garcia v. Berryhill*, 800 F.3d 700, 704 (5th Cir. 2018)).

The undersigned agrees with the Commissioner; the ALJ based the finding in question on substantial evidence. Simply because contrary evidence exists in the record that might have supported an alternative finding does not enable a reviewing court to substitute the ALJ's finding for that alternative finding. *See Hardman*, 820 F.3d at 151. The ALJ considered the imaging examinations in question, and as a result determined that Plaintiff is limited to light lifting and carrying and to frequent reaching, handling, and fingering, and is subject to occasional postural limitations. (ECF 9-1 at 42–43). But the ALJ also considered that, at her physical examinations, Plaintiff typically exhibited normal motion, stable gait, and normal cardiovascular function. (*Id.* at 42–45). It is the role of the ALJ to consider this evidence, weigh it, and make a finding supported by substantial evidence; a reviewing court cannot substitute its own judgment after the fact. *Hardman*, 820 F. 3d at 151.

Plaintiff also objects to other, similar statements by the ALJ, but the undersigned disagrees with these objections for the same general reasons articulated above. The ALJ characterized the results of an MRI as showing "no more than a mild degree of central canal stenosis." (ECF 9-1 at 43). Plaintiff objects that "no doctor made this finding that the degree of stenosis was inconsistent

with Plaintiff's complaints." (ECF 13 at 9). But the medical record cited by the ALJ does in fact characterize Plaintiff's stenosis, where present, as "mild." (ECF 9-2 at 502–03). Similarly, Plaintiff objects that the ALJ found "no evidence of persistent gait abnormalities." (ECF 13 at 10) (citing ECF 9-1 at 43). Plaintiff references multiple medical exams in which Plaintiff exhibited or complained of gait abnormalities. (ECF 13 at 10–11). The ALJ considered the records from these examinations, however, and repeatedly noted that in many cases Plaintiff's gait was either normal or, where asymmetric and limping, did not require an assistive device. (ECF 9-1 at 42–44).

In a different vein, Plaintiff objects to the ALJ's partial-consistency finding on the grounds that the ALJ did not discuss Plaintiff's history of back surgery or her daily activities. (ECF 13 at 11–12). The Commissioner does not respond to these points outside of the general argument that the ALJ's evaluation of the record is entitled to deference. (ECF 18 at 9). The undersigned does not find that the ALJ's silence regarding Plaintiff's back surgery and daily activities amounts to a lack of substantial evidence. Moreover, the ALJ did mention both the radiating back pain that Plaintiff associates with her surgical history (ECF 9-1 at 43) and the Plaintiff's activities of daily living (*id.* at 41, 44). As noted in the unpublished Fifth Circuit opinion cited by Plaintiff, "The ALJ does not need to comment on every piece of evidence, but only must build an accurate and logical bridge between the evidence and the final determination." *Price v. Astrue*, 401 Fed. App'x 985, 986 (5th Cir. 2010) (per curiam); (*see* ECF 13 at 12).

Finally, Plaintiff objects that the ALJ's evaluation of Plaintiff's symptoms is internally inconsistent, because the ALJ found limitations in lifting and carrying, but not in standing or walking. (ECF 13 at 10 *and* ECF 19 at 2; *see* ECF 9-1 at 43). Plaintiff is correct that "[c]arrying items necessarily involves standing and walking." (ECF 13 at 10). However, standing and walking do not necessarily involve lifting or carrying items. Thus, a limitation in standing and walking

might imply a limitation in carrying, but a limitation in lifting or carrying does not necessarily imply a limitation in standing or walking empty-handed.

In summary, there is substantial evidence in the record that supports Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms. However, after reviewing that evidence and the contrary evidence, the ALJ found those statements to be partially, but not wholly, consistent with the entirety of the record. (ECF 9-1 at 42, 43). Because this finding was supported by substantial evidence, the Court should not overturn it on review. *Hardman*, 820 F. 3d at 151.

### B.     *Plaintiff's Psychological Evaluation*

Plaintiff's second argument for overturning the ALJ's decision is that the ALJ did not properly evaluate the medical opinion of Dr. Cecilia Lonnecker, a consultative psychologist. (ECF 13 at 13–17; ECF 19 at 4–6). Plaintiff characterizes this as both a failure to apply the correct legal standard and a lack of substantial evidence. (ECF 13 at 13; ECF 19 at 4). The Commissioner responds that the ALJ relied on the proper legal standard in evaluating Dr. Lonnecker's opinion, and that any error by the ALJ was harmless. (ECF 18 at 10–11).

An ALJ is required to articulate how they considered medical opinions using two factors—supportability and consistency. 20 C.F.R. §§ 404.1520c(b)(2) (DIB), 416.920c(b)(2) (SSI). The ALJ is allowed to evaluate medical opinions using other factors than these, but must include these two explicitly when issuing a decision. *Id.*; *see also id.* at §§ 404.1520c(c)(1)–(5), 416.920c(c)(1)–(5) (listing examples of other permissible factors).

The more supportable and consistent a medical opinion is, the more persuasive weight the ALJ is required to give it. *Id.* at §§ 404.1520c(c)(1)–(2), 416.920c(c)(1)–(2). The regulations define "supportability" as a measure of how "relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion[.]"

*Id.* at §§ 404.1520c(c)(1), 416.920c(c)(1). "Consistency" is defined as a measure of how "consistent a medical opinion . . . is with the evidence from other medical sources and nonmedical sources in the claim." *Id.* at §§ 404.1520c(c)(2), 416.920c(c)(2)

The ALJ's consideration of Dr. Lonnecker's opinion (the "Opinion") was included in two paragraphs, as follows:

> Cecilia Lonnecker, Ph.D., the psychological consultative examiner, opined the claimant was able to understand, recall, and carry out instructions. Her ability to maintain effective social interactions appeared fair. Her ability to sustain concentration, persistence with and complete tasks timely and appropriately may be mildly impaired. Dr. Lonnecker further opined her ability to cope with normal workplace stressors may be moderately impaired.
>
> The undersigned finds Dr. Lonnecker's opinion is partially persuasive to the extent it identified some limitations which were supported by her mental status exam findings and the claimant's activities of daily living described in this report— drives, performs chores, can prepare meals independently, manages her own funds without assistance. Dr. Lonnecker's opinion is also consistent with her generally unremarkable clinical presentation in the longitudinal medical record. However, the undersigned finds Dr. Lonnecker's opinion to be too vague to warrant greater persuasive value.

(ECF 9-1 at 45).

Plaintiff focuses on the issue identified in the last sentence of the first paragraph—i.e., whether Plaintiff's ability to cope with workplace stressors is impaired. (ECF 13 at 14–17). Plaintiff argues that this aspect of the Opinion was supported by Dr. Lonnecker's examination and was consistent with other evidence in the record, especially with the function report submitted by the Plaintiff with her Social Security applications. (*Id.* at 15–17; *see also* ECF 9-1 at 281–88 (function report)). Accordingly, the Plaintiff argues that the ALJ should have been found the Opinion fully persuasive, assessed a limitation on the ability to cope with workplace stressors in Plaintiff's RFC, and found her disabled as a result. (ECF 13 at 16–17).

The Commissioner responds the ALJ's discussion of the Opinion was adequate under the applicable standards, that Dr. Lonnecker's statement about coping with workplace stressors was

too vague and conclusory to compel reliance from the ALJ, and that the discussion of evidence in other parts of the ALJ's decision supports the discussion of the Opinion. (ECF 18 at 11–14). The undersigned agrees with the Commissioner.

The Fifth Circuit has held that an ALJ is not required to "follow formalistic rules" or use "magic words" in articulating a decision. *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("formalistic rules") *and Keel v. Saul*, 986 F.3d 551, 556 (5th Cir. 2021) ("magic words"). The regulations do require an ALJ to articulate how a medical opinion's supportability and consistency influenced their reception of it. 20 C.F.R. §§ 404.1520c(b)(2) (DIB), 416.920c(b)(2) (SSI). The ALJ did so here, explaining that the Opinion was "supported by [Dr. Lonnecker's] mental status exam findings and the claimant's activities of daily living," and that it was "consistent with [Plaintiff's] generally unremarkable clinical presentation in the longitudinal medical record." (ECF 9-1 at 45). This is an adequate explanation of the mandatory factors under the statutes.

An ALJ is not required to limit the evaluation of a medical opinion to the two mandatory factors, however. *See* 20 C.F.R. at §§ 404.1520c(c)(1)–(5), 416.920c(c)(1)–(5) (listing examples of other permissible factors). Plaintiff argues that the Opinion's vagueness was not "a permissible reason to reject" it. (ECF 19 at 4). She looks for support in the decision of *Alvarez v. Kijakazi*, No. 5:22-cv-1275-ESC, 2023 WL 8934660 (W.D. Tex. Dec. 27, 2023). In that case, the presiding United States Magistrate Judge held an ALJ's rejection of a medical opinion invalid for many reasons, including that, if the opinion was "too vague or generalized to understand, it was the ALJ's duty to further develop the record and explore the opinion further." *Id.* at *5.

The instant case is distinguishable from *Alvarez*—here, the ALJ demonstrated a full understanding of the Opinion, and gave a reasonably thorough and accurate summary of its contents immediately before finding it partially persuasive. (ECF 9-1 at 45). There is similarly no

reason to think the record was inadequately developed; there was considerable evidence of Plaintiff's mental status on the record, including from Disability Determination Services psychological medical consultants who opined that Plaintiff could "respond appropriately to changes in routine work settings," an opinion the ALJ found persuasive. (*Id.*).

It is not the role of the Court to re-weigh the evidence or to substitute its judgment for that of the Commissioner. *Hardman*, 820 F.3d at 151. In this case, the ALJ, after considering the whole record, found that the Opinion was not as persuasive as contrary evidence regarding the Plaintiff's ability to cope with normal workplace stressors. (ECF 9-1 at 45). This decision was supported by substantial evidence and applied the correct legal standard, so there is no reason for the Court to disturb it on appeal. *See Taylor*, 706 F.3d at 602.

## V.  CONCLUSION AND RECOMMENDATION

In summary, the undersigned recommends that the decision of the Commissioner be AFFIRMED and that judgment be entered accordingly.

IT IS SO ORDERED.

ENTERED June 18, 2025.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE

The Clerk of Court is DIRECTED to send a copy of this Recommendation to each party by the most efficient means available.

## NOTICE OF RIGHT TO OBJECT

Any party may object to these proposed findings, conclusions and recommendation. Service is complete upon mailing, FED. R. CIV. P. 5(b)(2)(C), or transmission by electronic means, FED. R. CIV. P. 5(b)(2)(E).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendations set forth by the Magistrate Judge and accepted by the District Judge. See Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1), as recognized in ACS Recovery Servs., Inc. v. Griffin, 676 F.3d 512, 521 n.5 (5th Cir. 2012); Rodriguez v. Bowen, 857 F.2d 275, 276-77 (5th Cir. 1988).