UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

LISA ANN SHORT,

    Plaintiff,

v.

                                          No. 5:24-CV-197-H

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

    Defendant.

## ORDER

Before the Court are the Findings, Conclusions, and Recommendations (FCR) of United States Magistrate Judge Lee Ann Reno (Dkt. No. 20) and the plaintiff's objections (Dkt. No. 21). The FCR recommends that the Court affirm the Commissioner's decision denying the plaintiff's application for Disability Insurance Benefits and Supplemental Security Income because the administrative law judge's (ALJ) decision was properly supported, and any error in the ALJ's explanation was harmless. *See* Dkt. No. 20 at 10, 13. The plaintiff objects that the ALJ's evaluation of the plaintiff's subjective testimony did not comply with Social Security Administration regulations and that the ALJ did not properly evaluate a medical opinion. *See generally* Dkt. No. 21.

The Court overrules the plaintiff's objections and adopts the FCR in full. The ALJ properly considered all evidence in the record when determining the effect of the plaintiff's symptoms. In addition, the ALJ's decision properly evaluated the assessment of the medical opinion in accordance with Social Security Administration regulations. Accordingly, the Court affirms the Commissioner's decision and directs the Clerk of Court to close this case.

1.      **Factual and Procedural Background**

On June 9, 2021, the plaintiff applied for disability insurance benefits, and on July 1, 2021, applied for supplemental security income, alleging a disability beginning April 15, 2021. Dkt. No. 9-1 at 36. After her application was denied initially and again on reconsideration, she requested a hearing before an ALJ. *Id.* Following the hearing, the ALJ denied the plaintiff's application. *See generally id.* at 36–47. The Social Security Appeals Council declined to review the ALJ's decision, and this appeal followed. *See* Dkt. No. 20 at 2.

The plaintiff challenged the Commissioner's decision on two bases. First, the ALJ's finding that her statements regarding "intensity, persistence, and limiting effects" of her symptoms were inconsistent with medical and other evidence in the record was unsupported by the evidence. *Id.* at 6. Second, the ALJ found the opinion of Dr. Cecilia Lonnecker, who performed a psychological evaluation, to be only partially persuasive and deemed it "too vague" to be more persuasive. *Id.* The plaintiff argued that the finding was not supported by substantial evidence and that the ALJ failed to apply the correct legal standard. *Id.*

The FCR rejects both of the plaintiff's challenges and recommends affirming the Commissioner's decision. *See* Dkt. No. 20 at 13. As to the first challenge, the FCR stated that "there is substantial evidence in the record that supports [the p]laintiff's statements about the intensity, persistence, and limiting effects of her symptoms;" however, because the "ALJ found those statements to be partially, but not wholly, consistent with the entirety of the record," the decision was based on substantial evidence. *Id.* at 10. As for the plaintiff's second argument, the FCR states that the ALJ "demonstrated a full understanding of the

[o]pinion, and gave a reasonably thorough and accurate summary of its contents immediately before finding it partially persuasive." *Id.* at 12.

The plaintiff raises two objections. First, she objects that the FCR erred by considering only whether there was substantial evidence for the ALJ to discount the plaintiff's subjective statements instead of examining what "other evidence" the ALJ relied on to reach his decision. Dkt. No. 21 at 1. The plaintiff asserts the ALJ "improperly relied solely on objective evidence when discounting the [p]laintiff's complaints" and should have also considered the various factors pursuant to 20 C.F.R. § 404.1529(c)(3), examining the plaintiff's statements regarding her symptoms. *Id.* at 1–2. Secondly, the plaintiff argues that the ALJ failed to adequately explain why he found Dr. Lonnecker's opinion not fully persuasive and vague. *Id.* at 4. Specifically, the plaintiff asserts that the FCR's conclusion that the "ALJ's articulation of those two factors was sufficient" is not an adequate explanation of Dr. Lonnecker's opinion. *Id.*

2. **Legal Standards**

   A. **Review of a Magistrate Judge's Recommendations**

When a party files objections to a Magistrate Judge's recommendations, the Court must review those objected-to portions de novo. *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 646 (5th Cir. 1994); *see also* 28 U.S.C. § 636(b)(1). The Court reviews uncontested portions of the FCR only for plain error. *See Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020).

Therefore, in this case, the Court reviews de novo: (1) whether the ALJ erred by only considering objective medical evidence rather than also considering the plaintiff's subjective testimony when reviewing her treatment records, and (2) whether the ALJ properly

examined and considered Dr. Lonnecker's opinion before determining it was too vague to be persuasive.

### B. Review of the Social Security Commissioner's Decision

An individual may qualify for supplemental security income (SSI) or disability insurance benefits (DIB) under the Social Security Act if she is disabled. In evaluating a disability claim, an ALJ performs a five-step analysis to determine whether:

> (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity.

*Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007); *see also* 20 C.F.R. § 404.1520(a)(4).

Judicial review of the Commissioner's decision to deny benefits "is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005) (citing *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). Substantial evidence is "more than a mere scintilla and less than a preponderance." *Id.* (quoting *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002)).

In short, the Court's review of an ALJ's decision is "exceedingly deferential." *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012). The Court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [its] judgment for that of the [ALJ], even if the evidence preponderates against the [ALJ's] decision." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quoting *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988)). "Conflicts in the evidence are for the [ALJ] and not the courts to resolve." *Id.* (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)).

3.   **Analysis**

   A.   **The Court overrules the plaintiff's objection that the ALJ failed to consider the plaintiff's subjective testimony.**

If an individual claims to have impairment-related symptoms, the Social Security Administration evaluates those symptoms using a two-step process: (1) "whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms," and (2) once an underlying impairment is determined to cause the individual's symptoms, the administration "evaluate[s] the intensity and persistence of an individual's symptoms such as pain and determine[s] the extent to which an individual's symptoms limit . . . her ability to perform work-related activities." SSR 16-3p, 2017 WL 5180304 at *3–4 (Oct. 25, 2017).

"In determining whether [the plaintiff is] disabled, we consider all [their] symptoms, including pain, and the extent to which [their] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. § 404.1529(a). Under the second step, the ALJ will consider both objective medical evidence and "other evidence." SSR 16-3p, 2017 WL 5180304 at *5. Some symptoms cannot objectively be measured solely through "clinical or laboratory diagnostic techniques," and objective medical evidence consists of clinically observed and recorded symptoms, noting the intensity, persistence, and limiting effects of the symptoms. *Id.*

If the ALJ cannot determine a disability decision solely on objective medical evidence, they will consider other evidence, including statements from the individual, medical and non-medical sources, and factors evaluating the intensity, persistence, and limiting effects of an individual's symptoms. *Id.* at *6–8. Subjective statements regarding pain or symptoms alone do not establish the presence of a disability; objective medical

evidence must support these claims and align with other evidence to determine if a disability is present, affecting the individual's ability to work. 20 C.F.R. § 404.1529(a). If an individual's statements of the symptoms are "inconsistent with the objective medical evidence and the other evidence, [the Administration] will determine that the individual's symptoms are less likely to reduce . . . her capacities to perform work-related activities." SSR 16-3p, 2017 WL 5180304 at *8.

In this case, the plaintiff argues that the ALJ "improperly relied solely on objective evidence when discounting [the p]laintiff's complaints" and that the FCR only considered whether there was substantial evidence but failed to address "what 'other evidence' the ALJ relied on." Dkt. No. 21. Specifically, the plaintiff claims that the ALJ erred by failing to consider "other evidence" by the various factors under Section 404.1529(c)(3) and Section 416.929(c)(3) including: (1) daily activities; (2) "[t]he location, duration, frequency, and intensity of [the plaintiff's] pain or other symptoms;" (3) "[p]recipitating and aggravating factors;" (4) "[t]he type, dosage, effectiveness, and side effects of any medication [the plaintiff] take[s] or ha[s] taken to alleviate . . . pain or other symptoms;" (5) other treatment to relieve pain or other symptoms; (6) any additional measures utilized to relieve pain or other symptoms; and (7) "[o]ther factors concerning [the plaintiff's] functional limitations and restrictions due to pain or other symptoms." 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *see also* SSR 16-3p, 2017 WL 5180304 at *7–8. However, "[t]he ALJ does not need to comment on every piece of evidence, but only must build an accurate and logical bridge between the evidence and the final determination." *Price v. Astrue*, 401 F. App'x 985, 986 (5th Cir. 2010).

The plaintiff objects to the FCR, arguing that it failed to determine whether the ALJ fully considered the "other evidence" in the record; however, the Court finds that the ALJ did consider "other evidence" when reaching his decision and that the "other evidence" was inconsistent with the objective medical evidence. The plaintiff relies on *Garza v. Comm'r of Soc. Sec.,* to argue that if the ALJ considered the Section 404.1529(c)(3) factors, it was done so ambiguously. No. 5:22-CV-00021, 2023 WL 11227271, at *11 (S.D. Tex. Sept. 30, 2023). While the ALJ decision did not specifically enumerate the factors with the corresponding evidence, or "comment on every piece of evidence," the decision certainly "build[s] an accurate and logical bridge between the evidence and the final determination" that "other evidence" was not entirely consistent with the medical evidence. *See Price*, 401 F. App'x at 986; *see also* Dkt. No. 9-1 at 33–47. Furthermore, the ALJ decision states, "whenever statements about the intensity, persistence or functionality limiting the effects of pain or other symptoms are not substantiated by objective medical evidence, the [ALJ] must consider other evidence in the record," and then the decision describes the "other evidence" it considered in the record. Dkt. No. 9-1 at 41.

Without reweighing the evidence, the ALJ decision does present enough evidence demonstrating that the relevant factors were considered without "comment[ing] on every piece of evidence" in the record. *See Price,* 401 F. App'x at 986; *see also Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). Regarding the first factor, the ALJ decision does review evidence of the plaintiff's daily activities. In the plaintiff's objection, she claims that she had "difficulty performing household chores due to pain," that she had difficulty standing or walking if longer than 15 minutes at a time, and that she required the use of a shower chair. Dkt. No. 21 at 3. Similarly, the ALJ decision does discuss the plaintiff's "extreme pain"

and how it "limit[s] her ability to maintain her personal care (e.g., bathing, dressing, caring for her hair), prepare meals, drive, and complete household chores and yard work." Dkt. No. 9-1 at 41.

As to the second factor—the location, duration, frequency, and intensity of the plaintiff's pain or other symptoms—the plaintiff argues that emergency room visits and medical exams describing the plaintiff's "radiating back pain at a level of 8/10 on most days" were not specifically noted in the ALJ's summary of records. *See* Dkt. No. 21 at 3. However, the ALJ decision does provide information indicating it considered the location, duration, frequency, and intensity of her pain, including: (1) the plaintiff reported "extreme pain in her back, hips, legs, feet, and shoulders;" (2) "testified to lightheadedness, dizziness, weakness, and blurry vision with standing more that 10 or 15 minutes;" (3) "testified to bad back spasms across her lower back that shoot down into her legs and feet;" (4) "stated she can only walk about 20 yards before the painful muscle spasms [] stop her from walking further;" and (5) "[h]er fibromyalgia pain and arthritic pain is all over but worse in her shoulders and legs." Dkt. No. 9-1 at 41–42. Additionally, the plaintiff argues that the ALJ's summary did not note an examination finding that the plaintiff showed decreased strength in "left leg extension and a positive straight leg test on the left," (Dkt. No. 21 at 3), but the decision clearly states, "[i]ntermittent signs of [positive straight leg raises], lower extremity edema, and evidence of slightly reduced strength in the lower extremity." Dkt. No. 9-1 at 43.

The plaintiff argues further that the fourth factor—the type, dosage, effectiveness, and side effects of medication—was not considered, specifically that her "back impairment has not been effectively controlled by treatment." Dkt. No. 21 at 3. The ALJ decision,

however, does address the varying effectiveness of the plaintiff's various medications and treatments: "[h]er chronic back pain and fibromyalgia were treated with Meloxicam 7.5 mg as needed for pain if Tylenol/Aleve were ineffective and Robaxin 500 mg as needed for muscle spasms," and the plaintiff had "requested medication refills for her lumbar radiculopathy, fibromyalgia, and osteoarthritis." Dkt. No. 9-1 at 42–43. The regulation requires the ALJ to consider the effectiveness of the medication and treatment, and the ALJ did consider this evidence, but he found that it was inconsistent with the objective medical evidence. *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

Additionally, it is worth noting that the ALJ addressed the sixth factor of other measures the plaintiff used to relieve her pain: "[S]he constantly has to change positions while seated, she uses several pillows to support her back, and alternates heat and ice for pain." Dkt. No. 9-1 at 42. Furthermore, the decision noted that the plaintiff purchased a cane that she uses daily. *Id.*

While the ALJ must consider "other evidence," including a plaintiff's subjective statements, if the plaintiff's symptoms are "inconsistent with the objective medical evidence and the other evidence, [the Administration] will determine that the individual's symptoms are less likely to reduce . . . her capacities to perform work-related activities." SSR 16-3p, 2017 WL 5180304 at *8. Here, the ALJ considered the plaintiff's statements and determined "they are not fully consistent with the generally unremarkable physical exam findings." Dkt. No. 9-1 at 43. Again, the Court may not re-weigh evidence in the record or substitute its judgment for that of the ALJ. *See Apfel*, 192 F.3d at 496. In the ALJ decision, the plaintiff's conflicting objective medical evidence includes: (1) "[the plaintiff's] gait was stable without ataxia;" (2) "[the plaintiff] presented as alert and fully oriented, in no acute

distress;" (3) "[her m]usculoskeletal exam revealed normal range of motion, and no joint swelling or erythema;" (4) there was "no evidence of joint swelling or effusion, erythema, tenderness or deformity, but limited range of motion in the back, hips, and left shoulder," which supports some limitations in lifting and carrying; (5) "[h]er scoliosis appeared to be stable;" and (6) "[t]here is no evidence of persistent gait abnormalities or frequent complaints of lightheadedness, dizziness, weakness, and blurry vision with ambulation." *Id.* at 42–43. Because the plaintiff's personal statements conflicted with objective medical evidence in the record, the ALJ—as required by regulations—determined that her statements were unlikely to reduce her capacity to perform work-related activities. *See generally id.* at 41–45.

For the reasons explained above, the Court overrules the plaintiff's objection because the ALJ decision did consider "other evidence" when reaching his decision that the "other evidence" was inconsistent with the objective medical evidence. Furthermore, the Court agrees with the FCR that there is evidence to support the plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms, but those statements are not consistent with the objective evidence in the record. Dkt. No. 20. And, again, it is for the ALJ, not this Court, to determine the relative weight of the evidence.

### B.   The Court overrules the plaintiff's objection that the ALJ improperly excluded the opinion of a consulting physician.

To determine whether a medical opinion is persuasive, the ALJ is required to discuss the supportability and consistency factors pursuant to 20 C.F.R. §§ 404.1520c and 416.920c. An opinion is considered more persuasive if it consists of more consistent and supporting explanations presented by a medical source. 20 C.F.R. §§ 404.1520c(c)(1)–(2), 416.920c(c)(1)–(2). "Supportability," as defined by the regulations, measures how "relevant

the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s)." 20 C.F.R. § 404.1520c(c)(1); 20 C.F.R. § 416.920c(c)(1). "Consistency," as defined by the regulations, measures how "consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

The plaintiff argues that the ALJ's persuasiveness evaluation fails to demonstrate how Dr. Lonnecker's opinion of the plaintiff's "moderate impairment in coping with normal workplace stressors" is inconsistent with the evidence. Dkt. No. 21 at 4. Specifically, the plaintiff asserts that "the ALJ's finding of vagueness makes no logical sense" because "Dr. Lonnecker indicated that [the p]laintiff 'has had unstable living situations for a year'" and that the plaintiff reported that her mood was depressed. *Id.* at 4–5. As such, the plaintiff claims that the failure to note this evidence in the ALJ decision is an error. *Id.* The plaintiff relies on *Probst v. Kijakzi,* where the court determined that the ALJ summary included some observations from a consultant's treatment records but failed to explain their reasoning. No. EP-22-CV-00286-RFC, 2023 WL 3237435, at *4 (W.D. Tex. May 3, 2023); *see also* Dkt. No. 21 at 5.

However, this case is distinguishable from *Probst* because the ALJ determined that Dr. Lonnecker's opinion was partially persuasive but noted that the opinion was "too vague to warrant greater persuasive value." Dkt. No. 9-1 at 45. Dr. Lonnecker's opined that: (1) "the claimant was able to understand, recall and carry out instructions;" (2) "[h]er ability to maintain effective social interactions appeared fair;" (3) "[h]er ability to sustain concentration, persistence with and complete tasks timely and appropriately may be mildly

impaired;" and (4) her ability to cope with normal workplaces stressors may be moderately impaired." *Id.* The plaintiff asserts that the ALJ should have adequately explained the limitation on the opinion of the plaintiff's moderately impaired ability to cope with workplace stressors; however, in Dr. Lonnecker's opinion, she noted "[the plaintiff] has assumed the disabled role and has no interest in working. As such, ability to cope with normal workplaces stressors may be moderately impaired." Dkt. No. 9-2 at 483. This opinion is vague and is not supported by medical evidence or explanation as prescribed by Section 404.1520c(c)(1) and Section 416.920c(c)(1) to warrant greater persuasive value.

Furthermore, the ALJ does address the two regulatory factors of supportability and consistency:

> Dr. Lonnecker's opinion is partially persuasive to the extent it identified some limitations which were *supported* by her mental status exam findings and the claimant's activities of daily living described in this report—drives, performs chores, can prepare meals independently, manages her own funds without assistance. Dr. Lonnecker's opinion is also *consistent* with her generally unremarkable clinical presentation in the longitudinal medical record.

Dkt. No. 9-1 at 45 (emphasis added). The ALJ decision does explain how he reached his decision that Dr. Lonnecker's opinion was only partially persuasive by stating that some limitations were supported by scientific findings and her opinion was consistent. *Id.*

Moreover, although the Court finds no error with the ALJ's explanation, any deficiencies in his analysis were harmless. Courts do not require "[p]rocedural perfection" by ALJs so long as "the substantial rights of a party have not been affected." *Audler*, 501 F.3d at 448 (quoting *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988)). Thus, if "[it] is inconceivable that the ALJ would have reached a different conclusion on this record" absent the procedural error, it is harmless and cannot justify remand. *See Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003). Here, even if the ALJ should have specifically explained

why he found Dr. Lonnecker's opinion on the plaintiff's moderately impaired ability to cope with workplace stressors too vague for greater persuasive value, it is inconceivable that he would have reached a different result given the lack of objective medical evidence and supporting explanations to support her medical opinion here.

For the reasons explained above, the Court overrules the plaintiff's objection because the ALJ decision did provide an explanation as to how the ALJ determined that Dr. Lonnecker's opinion was only partially persuasive. Furthermore, the Court agrees with the FCR's finding that there is evidence to support the ALJ's decision finding Lonnecker's opinion to be not as persuasive as other contrary evidence. Dkt. No. 20 at 13.

**4.   Conclusion**

Based on the foregoing, the Court overrules the plaintiff's objections and adopts the FCR in full. The ALJ's decision did consider "other evidence" when reaching its decision that the "other evidence" was inconsistent with the objective medical evidence. In addition, the ALJ fully complied with his obligations to explain his rejection of Dr. Lonnecker's opinion and, to the extent he should have said more, any error was harmless. The Court therefore affirms the Commissioner's decision denying the plaintiff's application for disability insurance benefits and supplemental security income. The FCR is adopted, and the Clerk of Court is directed to close this case.

So ordered on July 16, 2025.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE